IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JESSE AARON DAVISON, | * | |
| *Petitioner*, | * | |
| v. | * | |
| | | Criminal Action No. RDB-10-632 |
| UNITED STATES OF AMERICA, | * | Civil Action No. RDB-22-1443 |
| *Respondent*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Petitioner Jesse Davison is currently serving a life sentence in connection with his production and possession of child pornography. In 2010, Davison and his girlfriend, Tiffany Bolner, engaged in and filmed sexual acts with a minor. On May 20, 2010, Baltimore police arrested Davison, who later encouraged his sister to destroy the evidence of his crimes. Davison proceeded to a bench trial, where he was found guilty of conspiracy to produce child pornography in violation of 18 U.S.C. § 2251(e), four counts of production of child pornography in violation of § 2251(a) and § 2256, possession of child pornography in violation of § 2252(a)(5)(B), and tampering with objects and proceedings in violation of 18 U.S.C. § 1512(c)(1)–(2).[1] Based on Davison's prior conviction for attempted rape of a victim under seventeen years of age, this Court sentenced Davison under 18 U.S.C. § 3559(e), which provides for mandatory concurrent life sentences on the production of child pornography

---

[1] The trial was heard before Judge Marvin J. Garbis. Following Judge Garbis's retirement, the case was reassigned to Judge Richard D. Bennett on June 14, 2022.

counts, and additionally imposed a 120-month sentence on the possession count and a 60-month sentence on the tampering count. (ECF No. 132.)

Presently pending before this Court is Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 218.) The Government has opposed the motion (ECF No. 225), and Davison replied (ECF No. 229). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons that follow, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 218) is DENIED.

## BACKGROUND

On February 9, 2011, Petitioner was charged in an eight-count Superseding Indictment. (ECF Nos. 51, 61.) The indictment included Conspiracy to Produce Child Pornography in violation of 18 U.S.C. § 2251(a) (Count One), Production of Child Pornography in violation of 18 U.S.C. § 2251(a), 18 U.S.C. § 2256 (Counts Two through Six), Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count Seven), and Tampering with Objects and Proceedings in violation of 18 U.S.C. § 1512(c)(1), (2) (Count Eight). Petitioner received a bench trial and, on May 12, 2011, was found guilty on all counts other than Count Six. (ECF No. 109.) On July 28, 2011, the Court imposed concurrent sentences of life imprisonment on Counts 1 through 5, 120-months imprisonment on Count 7, and 60-months imprisonment on Count 8.

The United States Court of Appeals for the Fourth Circuit affirmed Davison's conviction, and the United States Supreme Court denied certiorari. *United States v. Davison*, 492 F. App'x 391 (4th Cir. 2012), *cert. denied*, 568 U.S. 1240 (2013). Petitioner subsequently filed a

28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 175) in March 2014, which Judge Garbis of this Court denied (ECF No. 196) in May 2015. Petitioner moved for reconsideration (ECF No. 198) and appealed (ECF No. 199). Judge Garbis denied the Motion for Reconsideration. (ECF No. 202.) In a separate order, Judge Garbis denied Davison's request for a certificate for appealability (ECF No. 211), as did the United States Court of Appeals for the Fourth Circuit (ECF No. 212), which dismissed his appeal. *United States v. Davison*, 633 F. App'x 179 (4th Cir. 2016), *cert. denied*, 580 U.S. 992 (2016). The Fourth Circuit denied Davison's petition for rehearing. (ECF No. 214.)

In February 2017, the Fourth Circuit denied Petitioner's motion for an order authorizing the District Court to consider a second or successive application for relief under 28 U.S.C. § 2255. (ECF No. 216.) On June 13, 2022, Petitioner filed the presently pending motion to vacate under 28 U.S.C. § 2255. (ECF No. 218.) For the reasons that follow, Petitioner's motion is DENIED.

**STANDARD OF REVIEW**

This Court recognizes that the Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426–27 (1962) (citing 28 U.S.C. § 2255).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "collateral challenge may not do service for an appeal." *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Thus, any failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion unless the petitioner can demonstrate cause and prejudice, or actual innocence. *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010); *see Dretke v. Haley*, 541 U.S. 386, 393 (2004); *Reed v. Farley*, 512 U.S. 339 (1994); *see also United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999). Conversely, any "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003).

## ANALYSIS

Petitioner's instant § 2255 Motion is DENIED because it is procedurally improper.[2] Under 28 U.S.C. § 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

---

[2] Even if the instant motion were procedurally proper, it still lacks merit. Petitioner attempts to rely upon *United States v. Palomino-Coronado*, 805 F.3d 127 (4th Cir. 2015), to make a claim under a new substantive rule. But to do so Petitioner must have brought his § 2255 within the one-year statute of limitations. 28 U.S.C. § 2255(f). Having failed to do so, Petitioner's motion would be time barred even if this Court had jurisdiction to hear his petition.

28 U.S.C. § 2255(h); *see also Felker v. Turpin*, 518 U.S. 651, 664 (1996). Absent pre-filing authorization, this Court lacks jurisdiction to consider a second or successive petition. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

This is the second motion that Petitioner has filed under 28 U.S.C. § 2255. (*See* ECF Nos. 175, 218.) This Court denied Petitioner's first Motion on the merits (ECF No. 196) and the Fourth Circuit has since denied his request for authorization for a successive § 2255 motion (ECF No. 216). Thus, this successive Motion is procedurally improper, and this Court does not have jurisdiction to consider Petitioner's second Motion. Accordingly, the pending motion under 28 U.S.C. § 2255 (ECF No. 218) must be denied.

## CERTIFICATE OF APPEALABILITY DENIED

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the reasons stated above, it is hereby ORDERED this 1st day of November 2023, that:

1. Petitioner's Successive Motion to Vacate, Set Aside, or Correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 218) is DENIED;

2. A certificate of appealability shall not issue and is DENIED;

3. The Clerk of this Court shall transmit copies of this Memorandum Order to Petitioner and Counsel of record; and,

4. The Clerk of this Court shall CLOSE the accompanying civil case (RDB-22-1443).

Dated: November 1, 2023　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　　　Richard D. Bennett
　　　　　　　　　　　　　　　　　　　　　United States Senior District Judge