IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JESSE AARON DAVISON | * | |
| *Petitioner* | * | |
| v. | * | |
| UNITED STATES OF AMERICA, | * | Criminal Action No. RDB-10-632<br>Civil Action No. RDB-22-1443 |
| *Respondent* | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>MEMORANDUM ORDER</u>

On November 1, 2023, this Court entered its Memorandum Order denying *pro se* Petitioner Jesse Aaron Davison's ("Petitioner" or "Davison") motion filed June 13, 2022, which he captioned "Petition for Writ of Habeas Corpus [U]nder[] 28 U.S.C. § 2241[] via the Savings Clause[] [U]nder § 2255(e)." (ECF No. 235.) In brief, this Court construed Davison's June 2022 motion as a procedurally improper second or successive § 2255 petition. (*Id.* at 4–5.) In a footnote, this Court explained that "[e]ven if the instant motion were procedurally proper, it still lacks merit." (*Id.* at 4 n.2.)

On November 22, 2023, Davison filed the pending Motion for Reconsideration (ECF No. 236), which he captions "Motion [t]o Request a Reconsideration of Petitioner's[] Petition [f]or [a] Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF [No.] 218), via the Savings Clause Under § 2255(e), on the [B]asis that the Court Misconstrued that Petition as a Second or Successive Motion to Vacate, under § 2255(h)." The Government has not filed a response. However, the Court determines that a response is not necessary. Additionally, no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons stated below, Davison's Motion

for Reconsideration (ECF No. 236) is DENIED.

## BACKGROUND

On, February 9, 2011, Petitioner was charged in an eight-count Superseding Indictment. (ECF Nos. 51 *SEALED*, 61.) The indictment charged Davison with one count of conspiring to produce child pornography (Count One), five counts of producing child pornography (Counts Two through Six), one count of possessing child pornography (Count Seven), and one count of obstruction of justice (Count Eight). (*Id.*) On May 12, 2011, Petitioner was found guilty on all counts other than Count Six after a five-day bench trial before Judge Marvin J. Garbis.[1] (ECF No. 109.) On July 28, 2011, the Court imposed concurrent sentences of life imprisonment on Counts One through Five, 120-months imprisonment on Count Seven, and 60-months imprisonment on Count Eight.

The United States Court of Appeals for the Fourth Circuit affirmed Davison's conviction, and the United States Supreme Court denied certiorari. *United States v. Davison*, 492 F. App'x 391 (4th Cir. 2012), cert. denied, 568 U.S. 1240 (2013). In March 2014, Petitioner filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 175), which Judge Garbis denied in May 2015 (ECF No. 196). Petitioner subsequently moved for reconsideration (ECF No. 198) and appealed (ECF No. 199). Judge Garbis denied the Motion for Reconsideration. (ECF No. 202.) In a separate order, Judge Garbis denied Davison's request for a certificate for appealability (ECF No. 211), as did the United States Court of Appeals for the Fourth Circuit (ECF No. 212), which dismissed his appeal. *United States v. Davison*, 633 F. App'x 179 (4th Cir. 2016), cert. denied, 580 U.S. 992 (2016). The Fourth Circuit

---

[1] This case was reassigned to the Undersigned Judge following Judge Garbis's retirement.

denied Davison's petition for rehearing. (ECF No. 214.) In February 2017, the Fourth Circuit denied Petitioner's motion for an order authorizing this Court to consider a second or successive application for relief under 28 U.S.C. § 2255. (ECF No. 216.)

On June 13, 2022, Petitioner filed a motion that he captioned "Petition for Writ of Habeas Corpus [U]nder[] 28 U.S.C. § 2241[] via the Savings Clause[] [U]nder § 2255(e)." (ECF No. 218.) Therein, Davison attempts to rely upon *United States v. Palomino-Coronado*, 805 F.3d 127 (4th Cir. 2015) to make a claim under a new substantive rule. (*Id.* at 7–16.) On November 1, 2023, this Court, construing Davison's June 2022 *pro se* motion challenging his conviction as a § 2255 motion, denied Petitioner's filing on procedural grounds. (ECF No. 235.) Presently pending before this Court is Petitioner's Motion for Reconsideration of this Court's denial of his June 2022 motion. (ECF No. 236.) In short, Petitioner argues that this Court improperly characterized his motion as a second and successive § 2255 motion. (*Id.*) For the reasons that follow, and because merely labeling a section 2255 motion as a section 2241 petition does not overcome the bar against successive section 2255 motions, Petitioner's Motion for Reconsideration (ECF No. 236) is DENIED.

## STANDARD OF REVIEW

As a *pro se* litigant, Davison's pleadings have been "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

The Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration." Rather, if the motion was filed within 28 days of the judgment, it is analyzed as a motion to alter, amend, or vacate a prior judgment under Rule 59(e). *See* FED. R. CIV.

P. 59(e); *see also MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 n.4 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 115 (2011). Here, Davison mailed his Motion for Reconsideration on November 22, 2023, just twenty-one days after this Court entered its Memorandum Order denying his § 2255 Motion. (ECF Nos. 235, 236.) Accordingly, Davison's Motion for Reconsideration was timely under Rule 59(e).

The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a final judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g.*, *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008). Where a party seeks reconsideration on the basis of manifest error, the earlier decision cannot be "'just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week old, unrefrigerated dead fish." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (quoting *Bellsouth Telesensor v. Info. Sys. & Networks Corp.*, Nos. 92-2355, 92-2437, 1995 U.S. App. LEXIS 24802, 1995 WL 520978 at *5 n.6 (4th Cir. Sept. 5, 1995)). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (internal citations and quotation marks omitted).

## ANALYSIS

In his Motion for Reconsideration (ECF No. 236), Davison requests this Court reconsider its November 1, 2023 decision. He complains that ECF No. 218, denominated as a § 2241 motion, was improperly characterized as a successive § 2255 motion. (*Id.*)

In brief, in the motion that Davison captioned "Petition for Writ of Habeas Corpus

4

[U]nder[] 28 U.S.C. § 2241[] via the Savings Clause[] [U]nder § 2255(e)," (ECF No. 218), Petitioner attempts to rely upon *United States v. Palomino-Coronado*, 805 F.3d 127 (4th Cir. 2015) to make a claim under a new substantive rule. (*Id.* at 7–16.)

While denominated as a motion under § 2241, Davison's June 2022 motion attacked the substance of his conviction and sentence, a claim that cannot be raised in a § 2241 petition and should be instead be brought pursuant to § 2255. A writ of habeas corpus pursuant to 28 U.S.C.§ 2241 and a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct mechanisms for obtaining post-conviction relief. A § 2241 petition attacks the manner in which a sentence is executed, see 28 U.S.C. § 2241(a), and a § 2255 motion challenges the validity of a conviction or sentence. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc).

Although a federal prisoner generally may not seek collateral relief from a conviction or sentence through a § 2241 petition, a narrow exception exists under the "savings clause" of § 2255 allowing a prisoner to seek relief where § 2241 is inadequate or ineffective to test the legality of the conviction. This exception arises where: (1) at the time of conviction, settled law of this Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional magnitude. *Jones*, 226 F.3d 333–34. Davison's claim does not fall under this exception, despite his assertions to the contrary. Thus, Davison's June 2022 motion was properly recharacterized as a motion under 28 U.S.C. § 2255.

Accordingly, Davison's Motion for Reconsideration (ECF No. 236) is DENIED, as Davison has failed to show an intervening change in controlling law; the availability of new evidence not previously available; or the need to correct a clear error of law or prevent manifest injustice.

## CONCLUSION

For the foregoing reasons, Petitioner Jesse Aaron Davison's Motion for Reconsideration (ECF No. 236) fails to satisfy the requirements of Rule 59(e) of the Federal Rules of Civil Procedure. Accordingly, it is this 11th day of April, 2024, ORDERED that:

1. Petitioner Jesse Aaron Davison's Motion for Reconsideration (ECF No. 236) is DENIED; and

2. Copies of this Memorandum Order shall be sent to Petitioner and Counsel of record.

/s/
Richard D. Bennett
United States Senior District Judge